By the Court, Nelson, Ch. J.
I am of opinion that, according to the true construction of the agreement declared on, the defendants were bound to accept and purchase of the pláintiff so much ore as was necessary to stock the defendants’ forge. The substance and meaning of the contract is this: In consideration ■ of the defendants granting to the plaintiff, for five years, the privilege of cleansing ore at the forge belonging to the former, and also a sufficient supply of surplus water from their floom for that purpose, the plaintiff agrees to erect immediately the necessary machinery for cleansing the ore, and to furnish whatever may be necessary for stocking the forge, at reasonable prices not exceeding f 5 per ton; the ore to be of a particular quality, and the plaintiff to have the privilege of removing the machinery at the end of the term.
The argument in support of the demurrer is, that the defendants have not entered into any binding obligation to receive their supply or stock of ore from the plaintiff; that it was left •optional with the defendants to receive it or not; that while it *258 was incumbent upon the plaintiff to be ready at' all times to furnish the supply, properly cleansed and of the stipulated quality, the defendants were left at liberty to receive it or not at discretion ; and that they might forego altogether their side of the consideration, and leave the plaintiff to enjoy as a gift the privileges granted to him.
This view might be conclusive, were it not for the fact that the plaintiff had an interest in furnishing the stock of ore to the defendants at the stipulated prices—a market being thereby already furnished for the quantity required. This part of the agreement was most material to the plaintiff; for he had bound himself to keep on hand at all times sufficient ore of a particular Idnd and quality for the use of the defendants’ forge. The privilege of furnishing this quantity at the place of manufacture obviously constituted a part, and perhaps no inconsiderable part, of the inducement to the expense of erecting the necessary machinery, and continuing it in operation for the stipulated time.
The defendants however insist that, upon the' particular wording of the agreement, whatever may be the inconvenience or hardship to the plaintiff, the former have not bound, nor did they intend to bind themselves, except at their discretion,' to procure their supply of ore from the plaintiff; and that they cannot therefore be made legally responsible in case of refusal. I have already said that, upon a sound construction of the agreement—regarding its scope and intent—it was mutually-binding upon the parties, and meant that the defendants should supply their works with ore furnished by the plaintiff. I tbinlr the case of Pordage v. Cole (1 Saund. 319 h) is an authority to this effect, looking strictly and technically at the terms used in the contract. The marginal note is as follows: “ If it be agreed between A. and B. that B. shall pay A. a sum of money for his lands &c. on a particular day, these words amount to a covenant by A. to convey the lands; for agreed is the word of both,” &c. The rule of construction is the same, whether the contract be under seal or not; for the intention of the parties' in both cases is to be collected from the words. "(Sedden v. Sen *259 ate, 13 East, 63, 74.) So, if a lessee covenant to repair &c., provided always and it is agreed that the lessor shall find timber, this imports a covenant on the part of the lessor to find the timber; and the clause is not a qualification of the lessee’s covenant. (Brownl. 23; Bac. Abr., tit. Covenant (A).) So, if it be said that it is agreed A, shall pay 101. to B. for his goods, this amounts to a covenant by B. to deliver the goods. (Com. Dig., tit. Covenant (A). See also Randall v. Lynch, 12 East, 179, 182, and note ; Duke of St. Albans v. Ellis, 16 id. 352; Chitty on Contr. 86, ed. of 1842.) (a)
The argument in favor of implying a promise on the part of the defendants in this case to accept and pay for the cleansed ore, is as strong as in favor of implying a covenant in the several instances above given. The material word “ agreed,” which is regarded as the word of both parties, is found in this instrument. But what I consider as the more important matter in the cases cited, as well as the one under consideration, is that, without giving such construction to the agreement, the party seeking to enforce it is deprived of the consideration obviously contemplated for his own Undertaking. In the instances mentioned the party would have received nothing for his money. Here, he would be deprived of an important equivalent which was taken into the account in settling the terms upon which he agreed to erect his works and carry on the business at the defendants’ establishment.
It is begging the whole question to say, that the delivery of the ore was the sole consideration for the privileges granted to the plaintiff, and that the defendants may therefore forego their right to the.ore if they choose. This argument would be conclusive if the plaintiff was to receive nothing in return for the ore; but, while a steady supply during the" five years, at the prices agreed on, constituted ’the consideration moving to the defendants, the acceptance and payment may well be regarded-as an important part of the consideration so far as respects *260 the plaintiff. Furnishing the article upon these terms seems to ' have been deemed a sufficient compensation by the defendants for the privileges granted by them, while the acceptance and * payment was the leading inducement to the plaintiff to go - to the expense of erecting the machinery and of carrying- on the business for the specified period. The arrangement was niutu-. ally regarded as advantageous to both parties; and both should be bound by it.. '
There must be judgment for the plaintiff on demurrer,' with leave to amend on the usual terms., '■■■■.
Ordered accordingly.

 See 2 Stephens' N. P. 1065, Am. ed. of 1844.